1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11   SALLY GENIER,                          Case No.: 2:18-cv-00628-JAD-NJK

12           Plaintiff(s),                            **Order**

13   v.                                          [Docket No. 3]

14   NANCY A. BERRYHILL,

15           Defendant(s).

16          On April 10, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* and

17   proceeded to screen her complaint pursuant to 28 U.S.C. § 1915(e).  Docket No. 2.  The Court

18   found the complaint insufficiently articulated the basis for Plaintiff's disagreement with the Social

19   Security Administration's determination and, thus, failed to show that Plaintiff is entitled to relief.

20   *Id.* at 4.  In particular, the Court found that the "complaint indicates in conclusory fashion that the

21   Commissioner erred in finding that she is not disabled . . . [and] such a bald assertion fails."  *Id.*

22          Plaintiff has now filed an amended complaint.  Docket No. 3.  With respect to articulating

23   the basis for Plaintiff's disagreement with the Social Security Administration's determination,

24   however, the allegations appear to be unchanged from those already found to be deficient.

25   *Compare* Docket No. 3 at ¶¶ 8-9 *with* Docket No. 1-2 at ¶¶ 7-8.[1]  For the reasons already

26

27          [1] Without elaboration, Plaintiff indicates that she "disagrees with the determination made
     by the Social Security Administration in its final agency decision, which failed to comply with the
     regulations in weighing the opinion evidence in this case, evaluating credibility, and supporting
28   the finding of non-disability with substantial evidence."  Docket No. 3 at ¶ 9.

articulated, these assertions are insufficiently developed to survive screening.[2]  The Court repeats that, "[w]hile this showing need not be made in great detail, it must be presented in sufficient detail for the Court to understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).  *Cf. Hoagland*, 2012 WL 2521753, at *4 (the complaint should avoid the advocacy and argumentation of the opening brief to be submitted later, but must specifically set forth the facts showing an entitlement to relief)."  Docket No. 2 at 4.

The Court will allow a final opportunity for Plaintiff to amend her complaint in this case to provide sufficient detail as to the basis for disagreement with the Social Security Administration's determination.  Plaintiff must provide more detail than has been provided as to why she believes she is entitled to relief.  A second amended complaint shall be filed by April 26, 2018.

IT IS SO ORDERED.

Dated: April 12, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Compounding these problems, Plaintiff appears to not have a firm grasp on the disabilities she is claiming.  The amended complaint indicates that her "present contentions" are that she is disabled as a result of neuropathy and scoliosis, but that her contention as to the nature of her disability is subject to change as this appeal proceeds.  *See* Docket No. 3 ₱ 8.  Having exhausted her administrative remedies and filed an appeal therefrom, Plaintiff should already know what disabilities she is claiming.  *See, e.g.*, Fed. R. Civ. P. 11.