UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SALLY GENIER,                                          Case No.: 2:18-cv-00628-JAD-NJK

      Plaintiff(s),                                         **ORDER**

v.                                                     [Docket Nos. 21, 22]

NANCY A. BERRYHILL,

      Defendant(s).

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's motion to reverse and remand. Docket No. 21. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket No. 22. No reply was filed. For the reasons discussed below, both motions are hereby **DENIED** without prejudice.

A Social Security claimant may seek judicial review "in the district court of the United States for the judicial district in which the plaintiff resides." 28 U.S.C. § 405(g). Plaintiff resided in this District at the time she sought judicial review, Docket No. 1-2 at ¶ 4, so she properly initiated this action in this District. Nonetheless, Plaintiff resided in Utah when she applied for benefits, *see* A.R. 151-163, and the ALJ's proceedings that are currently being reviewed occurred in Utah, *see* A.R. 17, 33. Neither party discusses whether the review of the ALJ's decision is governed by the law of the Ninth Circuit (covering this Court in Nevada) or by the law of the Tenth Circuit (covering the ALJ in Utah). Instead, the parties both simply rely on Ninth Circuit case law without explanation.

The Court has not identified controlling precedent explaining which circuit's law applies in this situation, but at least two courts within the Ninth Circuit have held that an ALJ's decision in a social security appeal must be reviewed according to the law of the circuit in which the ALJ sits. *Mannella v. Astrue*, 2008 WL 2428868, at *14-15 (D. Ariz. Feb. 20, 2008), *adopted in relevant part*, 2008 WL 2428869, at *1 (D. Ariz. June 12, 2008); *Capehart v. Astrue*, 2009 U.S. Dist. Lexis 134070, at *2-3 & n.1 (D. Mont. Mar. 5, 2009), *adopted*, 2009 U.S. Dist. Lexis 25302 (D. Mont. Mar. 27, 2009). "Such a rule would allow an ALJ to look to a single circuit's caselaw for controlling guidance and would, additionally, discourage forum shopping." *Mannella*, 2008 WL 2428868, at *15.[1] That is a sensible approach and the undersigned declines the parties' implicit request to review an out-of-circuit ALJ's decision through the lens of Ninth Circuit law.

Accordingly, the motion to reverse and remand and the cross-motion to affirm are hereby **DENIED** without prejudice. Any renewed motion to reverse and remand shall be filed no later than April 4, 2019, and that motion shall be briefed according to the schedule established in Docket No. 17.

IT IS SO ORDERED.

Dated: March 4, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Other courts are in agreement. *Aimetti v. Berryhill*, 2018 WL 1525858, at *1 (E.D. Tenn. Mar. 28, 2018); *Unice v. Berryhill*, 2017 WL 2972172, at *3 (M.D. Tenn. July 12, 2017); *Shaw v. Colvin*, 2014 WL 6680412, at *1 (W.D.N.C. Nov. 25, 2014); *Pierce v. Colvin*, 2013 WL 3326716, at *4 (E.D.N.C. July 1, 2013); *Givens v. Chater*, 1997 U.S. Dist. Lexis 3847, at *8-10 (E.D.N.C. Feb. 28, 1997); *see also Powell v. Colvin*, 2014 WL 689721, at *1, *2-7 (W.D. Ky. Feb. 20, 2014).