UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SALLY GENIER, | Case No.: 2:18-cv-00628-JAD-NJK |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | [Docket Nos. 24, 25] |
| NANCY A. BERRYHILL, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's motion to reverse and remand. Docket No. 24. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket No. 25. No reply was filed.

**I.   CHOICE OF LAW**

The Court previously ruled that this appeal should be resolved by applying Tenth Circuit law because that is where Plaintiff sought Social Security benefits and that is where the ALJ decided to deny those benefits. Docket No. 23.[1] In briefing Plaintiff's renewed motion to remand,

---

[1] As other courts have done, the Court made this ruling *sua sponte* as it appeared that the parties simply assumed that Ninth Circuit law applied in this case. *See Pierce v. Colvin*, 2013 WL 3326716, at *3 n.5 (E.D.N.C. July 1, 2013). The Court's decision is in accordance with the overwhelming majority of courts that have addressed the issue. *See Aimetti v. Berryhill*, 2018 WL 1525828, at *1 (E.D. Tenn. Mar. 28, 2018); *Unice v. Berryhill*, 2017 WL 2972172, at *3 (M.D. Tenn. July 12, 2017), *adopted*, 2017 WL 4023030 (M.D. Tenn. Sept. 12, 2017); *Shaw v. Colvin*, 2014 WL 6680412, at *1 (W.D.N.C. Nov. 25, 2014); *Powell v. Colvin*, 2014 WL 689721, at *1

1

the parties both urge the Court to apply Ninth Circuit law. Docket No. 24 at 12-13; Docket No. 25 at 10-11. The arguments presented regarding choice of law are unpersuasive on their merits and Tenth Circuit law should apply to this case for the reasons stated in the previous order.

Nonetheless, since the parties both seek application of Ninth Circuit law, the Court will treat their briefs as a stipulation to apply Ninth Circuit law. *Cf. Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1477 n.1 (9th Cir. 1986) (allowing the parties to stipulate during litigation to choice of law). Accordingly, the Court applies Ninth Circuit law herein by stipulation of the parties.

## II. STANDARDS

### A. Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such

---

(W.D. Ky. Feb. 20, 2014); *Pierce*, 2013 WL 3326716, at *3; *Capehart v. Astrue*, 2009 U.S. Dist. Lexis 134070, at *2-3 & n.1 (D. Mont. Mar. 6, 2009), *adopted*, 2009 U.S. Dist. Lexis 25302 (D. Mont. Mar. 27, 2009); *Mannella v. Astrue*, 2008 WL 2428868, at *14-15 (D. Ariz. Feb. 20, 2008), *adopted in relevant part*, 2008 WL 2428869, at *1 (D. Ariz. June 12, 2008); *Givens v. Chater*, 1997 U.S. Dist. Lexis 3847, at *8-10 (E.D.N.C. Feb. 28, 1997); *see also Towenson by Mickeal v. Apfel*, 16 F. Supp. 2d 1329, 1331 (D. Kan. 1998) ("the better rule would be to follow the law of the circuit in which the ALJ conducts the hearing").

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden

shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522, 416.921, 416.922. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the

individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[2] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.

---

[2] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## III. BACKGROUND

### A. Procedural History

On August 13 and August 22, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging that she became disabled on June 5, 2011. *See, e.g.*, Administrative Record ("A.R.") 151-63.[3] Plaintiff's claims were denied initially[4] and upon reconsideration on May 13, 2015. A.R. 119-24, 126-28. On June 5, 2015, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 132-32. On March 8, 2017, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Jason W. Crowell. *See* A.R. 33-59. On April 17, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 15-32. On February 8, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On April 9, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. A.R. 18-32. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2014, and has not engaged in substantial gainful activity since April 21, 2014. A.R. 20. At step two, the ALJ found

---

[3] Plaintiff later amended the onset date to April 21, 2014. *See* A.R. 38.

[4] The initial denials are not dated. *See* A.R. 119-24.

6

that Plaintiff has the following severe impairments: neuropathy due to drug, and scoliosis. A.R. 21-22. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 22. The ALJ found that Plaintiff has the residual functional capacity to perform

> light work as defined by 20 CFR 404.1567(b) and 416.967(b) except that she can stand or walk for 30 minutes, before switching to sitting. She can sit for 30 minutes, before switching to standing. She can occasionally climb, stoop, crouch and crawl, and she can frequently balance and kneel. She can frequently handle and finger with the left upper extremity. She should avoid concentrated exposure to hazards.

A.R. 23-25. At step four, the ALJ found Plaintiff is incapable of performing her past relevant work. A.R. 25. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 25-27. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date with a limited education and ability to communicate in English. A.R. 25. The ALJ found the transferability of job skills to be immaterial. A.R. 25. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a ticket seller, parking lot attendant, and office helper. A.R. 25-27.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits and supplemental security income. A.R. 27.

**IV.   ANALYSIS AND FINDINGS**

Plaintiff makes two arguments on appeal. First, she argues that the ALJ erred in the evaluation of Dr. Suzanne Lee's opinions. Second, she argues that the ALJ erred in evaluating Plaintiff's own testimony. The Court addresses each argument below.

### 1. Evaluation of Dr. Lee's Opinions

Plaintiff first argues that the ALJ erred in the treatment of the opinions of her treating physician, Dr. Lee. Docket No. 24 at 15-18. In particular, Plaintiff contends that the ALJ erred by failing to acknowledge the opinion rendered by Dr. Lee on January 20, 2015, and providing reasons for discounting only the opinion rendered by Dr. Lee on July 22, 2014. *See id.*; *see also id.* at 8-10. The Commissioner responds that the ALJ's failure to address the second opinion rendered by Dr. Lee was harmless error. *See* Docket No. 22 at 13-14; *see also* Docket No. 25 at 11-12 (incorporating by reference earlier arguments). Plaintiff has the better argument.

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If a treating doctor's opinion is contradicted by another doctor, the ALJ may reject the treating doctor's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

In relevant part with respect to Dr. Lee, the ALJ indicated as follows:

> One of the claimant's treating physicians, Suzanne Lee, MD, submitted an opinion on behalf of the claimant, dated July 22, 2014. (5F). Dr. Lee reported that the claimant is disabled because of the combination of her impairments. While I accept that the claimant has some vocational limitations, as outlined in this decision's residual functional capacity assessment, the medical record does not indicate that the claimant is disabled, as Dr. Lee opines. Dr. Lee's opinion appears to be based mainly of [sic] the claimant's self-report. In addition, Dr. Lee only had a 3-month treatment history with the claimant by this point. For these reasons, her opinion is assigned partial weight.

A.R. 25. In short, the ALJ discounted Dr. Lee's opinion from July 22, 2014, as (1) insufficiently supported by the record, (2) based on the claimant's subjective complaints, and (3) based on a

short treatment history. The fundamental problem with this assessment is that it does not account for Dr. Lee's opinion from months later, on January 20, 2015. *See* A.R. 328-30. An ALJ errs by failing to explicitly reject a medical opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

The Commissioner contends that this error was harmless, however, because the Court could find that Dr. Lee's later opinion was inconsistent with her treatment notes. *See* Docket No. 22 at 13-14; *see also* Docket No. 25 at 11-12 (incorporating earlier arguments by reference). Courts must be mindful that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). The harmless error doctrine applies in the social security context when the reviewing court can "confidently conclude" that the error was "inconsequential to the ultimate nondisability determination." *Id.* Plaintiff contends that this error was not harmless because the ALJ may have found her to be disabled upon crediting Dr. Lee's opinion. *See* Docket No. 24 at 19. The undersigned is not persuaded that this is a proper case in which to find harmless error and, instead, the more prudent course is to remand this case to the ALJ to comment on Dr. Lee's opinion from January 20, 2015. *Cf. Marsh*, 792 F.3d at 1173.

Accordingly, the undersigned recommends that this case be remanded.

2.     Evaluation of Plaintiff's Testimony

Plaintiff also argues that the ALJ erred with respect to the evaluation of her own testimony. *See* Docket No. 24 at 20-23.[5] The ALJ's decision in that regard turned in part on the lack of consistency with the record as a whole. A.R. 23-24. Because the ALJ's consideration on remand

---

[5] The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of evidence of malingering, an ALJ may only reject the individual's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

of Dr. Lee's second opinion may impact the evaluation of Plaintiff's own testimony, the ALJ should also reconsider the evaluation of Plaintiff's testimony on remand.[6]

## V.   CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 24) be **GRANTED**, that Defendant's Cross-Motion to Affirm (Docket No. 25) be **DENIED**, and that this matter be remanded for further proceedings.

Dated: May 16, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[6] The undersigned does not find that this is one of the "rare circumstances" in which to award simply benefits, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), and instead finds remand for further proceedings to be the appropriate course.

10