# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Sally Genier,

    Plaintiff

v.

Nancy A. Berryhill, Acting Commissioner of Social Security Administration,

    Defendant

Case No.: 2:18-cv-00628-JAD-NJK

**Order Overruling Objection to Magistrate Judge's Report and Recommendation, Denying Motion to Affirm Agency Decision, and Granting Motion to Remand**

[ECF Nos. 24, 25, 26, 27]

Sally Genier brings this action for judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act (SSA).[1] An Administrative Law Judge (ALJ) held hearings after Genier's claim was denied both initially and on reconsideration, and found that Genier is not disabled.[2] When the Appeals Council found no reason to reconsider the ALJ's decision, it became the final decision of the Commissioner.[3] Genier moves to remand her case to the Social Security Administration for further proceedings under sentence four of 42 U.S.C. § 405(g),[4] and the Commissioner moves to affirm the agency's decision.[5]

    I referred this case to U.S. Magistrate Judge Nancy J. Koppe for findings and conclusions on the parties' motions. After thoroughly evaluating the parties' arguments, Judge Koppe

---

[1] ECF No. 8.

[2] ECF No. 19 (manually filed Administrative Record, hereinafter AR).

[3] *Id.*

[4] ECF No. 24.

[5] ECF No. 25.

recommends that I grant Genier's motion and deny the Commissioner's cross-motion.[6] The Commissioner objects, arguing that Judge Koppe erred when she found that the ALJ's failure to address the January 2015 opinion of treating physician Dr. Suzanne Lee was not harmless error.[7] Genier responds that the failure to address Dr. Lee's opinion was harmful and further proceedings are necessary to assess Dr. Lee's opinion.[8] Having reviewed the record *de novo*, I agree with Judge Koppe that I cannot confidently conclude that the failure to address Dr. Lee's opinion was "inconsequential to the ultimate nondisability determination,"[9] so I overrule the Commissioner's objection, adopt Judge Koppe's recommendation, grant Genier's motion to remand, and deny the Commissioner's cross-motion to affirm.

**Discussion**

**I. The choice-of-law question is irrelevant here because the outcome would be the same whether Ninth or Tenth Circuit law is applied.**

There has been some disagreement below about whether the disposition of this case requires me to apply the law of the circuit in which this action was brought (the Ninth Circuit) or that of the circuit in which the ALJ conducted the administrative hearing (the Tenth Circuit). The parties urge me to apply Ninth Circuit law, citing non-binding authority from several sister circuit courts that have held that district courts should apply the law of their home circuit in reviewing ALJ decisions.[10] Judge Koppe meanwhile maintains that Tenth Circuit law should

---

[6] ECF No. 26.
[7] ECF No. 27.
[8] ECF No. 28.
[9] *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).
[10] ECF No. 24; ECF No. 25.

2

apply, citing district court decisions both within and without the Ninth Circuit holding that the law of the circuit where the ALJ hearing takes place should apply.[11]

As the Ninth Circuit has yet to chime in on this question, it is an issue of first impression for that court and this one. The ultimate question is whether the ALJ erred when he declined to address, and thus rejected, the opinion of Dr. Lee. I note that the standard between the circuits is without significant difference for purposes of the analysis here. In the Ninth Circuit, when a treating physician's opinion is contradicted by another doctor, the ALJ may reject the treating physician's opinion only by providing specific, legitimate reasons, supported by substantial evidence in the record.[12] In the Tenth Circuit, when an ALJ rejects the opinion of a treating doctor, he must give specific, legitimate reasons for doing so.[13] The Ninth Circuit's requirement that the ALJ's reasons be corroborated by substantial evidence in the record elevates the standard somewhat, but since the ALJ articulated no reasons whatsoever for ignoring Dr. Lee's opinion, the ALJ's decision fails under either circuit's standard.

With no controlling Ninth Circuit authority on point, and because the disposition of this case does not require it, I decline to address the question of which circuit's law is most appropriate to apply, and instead adopt Judge Koppe's recommendation that I allow the parties to stipulate to applying Ninth Circuit precedent.

---

[11] ECF No. 26.

[12] *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

[13] *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

**II. The ALJ failed to provide specific, legitimate reasons supported by substantial evidence in the record for rejecting Dr. Lee's January 2015 opinion.**

In evaluating medical opinions, courts treat differently the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and those who neither examine nor treat the claimant (consulting physicians).[14] In general, an ALJ must give special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."[15] If the treating physician's opinion is contradicted by another doctor, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.[16]

As the only treating physician of record here,[17] Dr. Lee's opinion should have been afforded special weight requiring specific, legitimate reasons supported by substantial evidence to reject it. The ALJ's remarks about Dr. Lee's July 2014 opinion indicate that it was assigned less weight at least in part because Dr. Lee "only had a 3-month treatment period with the claimant by [that] point."[18] The ALJ failed to comment in any way on the opinion from January 2015. In light of this omission, I find that the ALJ failed to provide the requisite specific, legitimate reasons supported by substantial evidence in the record for rejecting Dr. Lee's second opinion.

---

[14] *Lester*, 81 F.3d at 830.

[15] *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted)

[16] *Lester* at 830–831.

[17] AR at 24–25.

[18] *Id.* at 25.

### III. The harmless-error doctrine does not save the ALJ's decision from remand.

The Commissioner argues that even assuming the ALJ erred when he failed to address Dr. Lee's January 2015 opinion, it was harmless error that would not impact the outcome of the case.[19] Genier's dual arguments in this action are that (1) the ALJ failed to address Dr. Lee's opinion evidence and (2) the ALJ failed to credit Genier's subjective symptom evidence.[20] The ALJ's evaluation of Genier's subjective testimony was impacted at least in part by that evidence's discordance with the medical record as a whole.[21] I agree with Judge Koppe that reconsidering Dr. Lee's opinion on remand may influence the ALJ's appraisal of Genier's testimony,[22] and because I cannot confidently conclude on this record that the failure to address that opinion was "inconsequential to the [ALJ's] ultimate nondisability determination,"[23] I cannot deem his failure to do so harmless error.

### Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that the Commissioner's objection **[ECF No. 27] is OVERRULED** and the magistrate judge's report and recommendation **[ECF No. 26] is ADOPTED**. IT IS FURTHER ORDERED that the Commissioner's motion to affirm the agency decision **[ECF No. 25] is DENIED**. IT IS FURTHER ORDERED that Genier's motion to remand **[ECF No. 24] is**

---

[19] ECF No. 27 at 8.
[20] ECF No. 24.
[21] AR at 23–24.
[22] ECF No. 26 at 9–10.
[23] *Marsh*, 792 F.3d at 1173.

5

**GRANTED**. The Clerk of Court is directed to ENTER JUDGMENT in favor of Genier, REMAND THIS CASE for further proceedings within the SSA, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
August 7, 2019